IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESHAWN JOHNSON,

       Plaintiff,

 v.

JOSEPH SNODGRASS,

       Defendant.

OPINION and ORDER

25-cv-499-amb

---

Plaintiff DeShawn Johnson, a state prisoner representing himself, alleges that defendant Joseph Snodgrass, a former correctional officer, punched him in the face for no reason when plaintiff was housed at the Wisconsin Secure Program Facility. After discovery opened, plaintiff filed motions to compel document production, for sanctions, for counsel, and to extend all case deadlines or to stay this case. Dkts. 37–42, 46–49, & 51.

The court held a telephonic hearing on these motions on April 1, 2026.[1] Plaintiff represented himself and defendant was represented by Assistant Attorney General Frank Remington. This order memorializes the court's rulings:

- The court confirmed that plaintiff has received replacement copies of the exhibits filed at Dkt. 43 in response to his previously granted request at Dkt. 54. *See* Dkt. 56.

- Plaintiff seeks additional access to restricted DAI Policy #306.07.02: Principles of Subject Control as well as video evidence. Dkt. 39. He alleges that he was told by the litigation coordinator at his institution that he could only review these items once. The court GRANTS the motion and ORDERS defense counsel to facilitate plaintiff's further review of these materials by **April 22, 2026**. As the court noted, defendant has produced these materials for inspection per the Federal Rules of Civil Procedure. Having reviewed these materials once before, plaintiff should be able to target his subsequent review and must make best efforts to use his time well. As discussed, this

---

[1] Plaintiff's motion for an evidentiary hearing, Dkt. 41, is DENIED as moot.

case involves a discrete event between two people, so discovery is not very voluminous. The court will consider plaintiff's request for further review of these materials if necessary to prepare a response to a summary judgment motion.

- Plaintiff seeks clarification regarding whether his allegation of assault against defendant was investigated internally and the production of any materials generated by an investigation. Dkt. 37. The motion is GRANTED. Defense counsel is ORDERED to confirm by **April 22, 2026** whether any internal investigation was conducted and to produce any responsive materials, including from any investigation conducted by the warden and from defendant's personnel file. To that end, defense counsel is ORDERED to personally review defendant's personnel file and to identify and produce any information specific to plaintiff's allegations. Plaintiff's motion for sanctions based on defendant's alleged attempt to conceal information about any alleged investigation, Dkt. 38, is DENIED.

- Plaintiff moves for sanctions because defendant did not admit that plaintiff specifically named defendant in an inmate complaint as the person who allegedly punched him. Dkt. 40. The motion is DENIED. The complaint speaks for itself, and plaintiff can seek to read it to the jury and testify to its preparation. At this stage in the litigation, the court sees no value in having defendant admit or deny that plaintiff specifically names him in the inmate complaint.

- Plaintiff moves for sanctions because he has been refused access to a flash drive containing legal materials relevant to this case. Dkt. 41. Plaintiff also notes that despite defense counsel reporting that plaintiff received access to his other legal materials on January 27, 2026, he did not receive full access to these materials until the following day. The motion is DENIED. Plaintiff has not shown prejudice due to any delay. As for the flash drive, plaintiff confirmed on the call that he now has access to it, but asserted that certain files on the flash drive were missing, including to-be-signed witness affidavits. There is no evidence at this time that any files were purposely destroyed or deleted. To the extent plaintiff believes otherwise, remedies used to combat spoliation of evidence include pretrial discovery sanctions and an "adverse inference" at trial, which permits the trier of fact to draw an inference that the missing evidence would have been unfavorable to the party that failed to preserve it. Plaintiff may raise the issue at summary judgment or trial, but he must keep in mind that to prevail on such a claim, he will have to show that the files were on the flash drive and meet the high bar of showing that defendants destroyed the evidence on purpose to hide adverse information. *See Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010) ("The crucial element in a spoliation claim is not the fact that the [evidence

was] destroyed but that [it was] destroyed for the purpose of hiding adverse information.”).

- Plaintiff seeks injunctive relief, Dkt. 42, sanctions, Dkts. 46 & 47, and an extension or stay of case deadlines, Dkts. 48, 49 & 51. The motions are DENIED. In support, plaintiff notes that there was a delay in receiving his legal materials when he transferred institutions and that defendant has repeatedly sent discovery responses late and to the wrong institution, creating further delay. Plaintiff has now received his legal materials, minus the aforementioned files that he believes are missing from his flash drive, and defense counsel assured the court that he had plaintiff's current address. The delayed receipt of mail and legal materials was unfortunate, but the issue otherwise appears to be resolved, and the court has built time into the case schedule to account for such delays. Plaintiff has not been unfairly prejudiced either. Summary judgment motions are not due for nearly three months, and trial is not for ten months, so there is still plenty of time for the parties to continue working through the discovery process and to prepare for these next phases of this straightforward assault case.

- Plaintiff renews his request for the court's assistance with the recruitment of counsel. Dkt. 41. The motion is DENIED without prejudice. Although he meets the requirement of being unable to afford counsel on his own, plaintiff admits that he still has not attempted to find a lawyer himself. *See* Dkt. 25 (denying plaintiff's request for counsel and noting that he has not met the requirement of making reasonable efforts to locate a lawyer on his own). His motion can be denied on that ground alone. Regardless, the court remains convinced that plaintiff can litigate this case on his own. Indeed, his filings to date and his interactions with the court at the preliminary pretrial conference and the hearing today show that plaintiff understands his case and is better prepared and more capable than most self-represented litigants. Plaintiff argues that a lawyer would have unlimited access to the relevant DAI policies and video footage, and thus be on equal footing with defendant in this respect. The court is aware of the limitations on self-represented, incarcerated litigants and takes these limitations into account when setting the case schedule and considering extensions, among other ways. But such limitations are common to all incarcerated litigants and whether an attorney would be more helpful is not the standard. Plaintiff may renew this motion if this case proceeds to trial, but at this stage, the court sees no basis to help recruit pro bono counsel to represent him unless his circumstances drastically change.

    SO ORDERED.

3

Entered April 1, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge