IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESHAWN D. JOHNSON,

                    Plaintiff,                              OPINION and ORDER

         v.
                                                            25-cv-499-amb
JOSEPH SNODGRASS,

                    Defendant.

---

Plaintiff DeShawn D. Johnson, a state prisoner representing himself, alleges that defendant Correctional Officer Joseph Snodgrass entered his cell and punched him in the face for no reason while plaintiff was confined at the Wisconsin Secure Program Facility.  This order addresses plaintiff's motions seeking sanctions, Dkt. 58 & Dkt. 65, his motion for reconsideration of the court's April 1, 2026 omnibus order, Dkt. 63, and his motion for an evidentiary hearing, Dkt. 79.  For the following reasons, the court will deny these motions.

ANALYSIS

## A.  Plaintiff's motions for sanctions, Dkts. 58 & 65

Plaintiff seeks sanctions against defendant and defense counsel, alleging that they have both lied to the court.  Beginning with defendant, plaintiff asserts that defendant made a false statement in an interrogatory response.  Specifically, plaintiff says defendant's given reason for entering plaintiff's cell—to retrieve an extra bag of food—is contradicted by video evidence showing no bag of food in defendant's hand as he exits the cell.  Plaintiff asks the court to impose sanctions on defendant for "this false statement."  Dkt. 65 at 5.

Plaintiff says he has not provided the court with the video evidence because he does not have ready access to that evidence.  In any event, whether the video shows what plaintiff reports, and whether it directly contradicts defendant's interrogatory response are both questions for later in the case, specifically summary judgment or trial.  At the summary judgment stage, the parties can present their evidence, and the court will determine whether there is a genuine dispute of material fact that requires a trial.  *See* Fed. R. Civ. P. 56(a).  In doing so, the court will not adopt a version of the facts that is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Plaintiff may reraise his arguments about the video at that time.[1]  To do that, however, he will need to submit the video evidence to the court and may work with defense counsel to do so.

Turning to defense counsel, plaintiff claims that counsel lied to court during the April 1, 2026 telephonic hearing, held to address several of plaintiff's motions, including a request for additional access to a restricted DAI policy and video evidence.  *See* Dkt. 57 (memorializing the court's rulings).[2]  At the hearing, plaintiff accused counsel of instructing his institution's litigation coordinator to allow plaintiff only one chance to review these materials.  Counsel

---

[1] Plaintiff's own submissions have presented differing interpretations of the video.  In his declaration in support of his motion for sanctions, plaintiff attests that the video evidence shows defendant leaving the cell "with nothing in [his] hands."  Dkt 67, ¶ 5.  But in his proposed findings of fact, plaintiff attests that the video shows defendant leaving the cell with "a carton of milk."  Dkt. 66, ¶ 4.  Again, the court will address whether the video presents a genuine dispute of material fact in resolving any motions for summary judgment.

[2] Plaintiff argues that the court should accept as unopposed his proposed findings of fact submitted in support of this motion for sanctions because defense counsel did not respond to them.  Dkt. 68 at 1–2.  The court accepts defense counsel's sworn declaration as his response to the proposed findings of fact.  Dkt. 62.

denied the allegation, and the court ordered counsel to facilitate plaintiff's further review of these materials by April 22, 2026.

In support of his sanctions motion, plaintiff has submitted an information request form containing his exchange with the litigation coordinator that occurred a few days before the telephonic hearing:

> Plaintiff:  "How often did the Attorney General tell you I can review the (2) video related to case no. # 25cv499 – Johnson -v- Snodgrass; and how many times did the Attorney General tell you I can review the (3) restricted DAI/DOC (306.07.01) policies that was also provided in the above cited case number."
>
> Litigation Coordinator: "I was directed to show you once.  You will need to contact them regarding more viewing."

Dkt. 59-1 at 1.  Plaintiff requests monetary sanctions, stating that the litigation coordinator's answer shows defense counsel lied about not limiting plaintiff's access to certain discovery materials.

Defense counsel denies the allegations and notes that plaintiff did not attempt to confer with him about this issue before seeking the court's intervention.  Counsel asserts in a sworn declaration that he contacted the litigation coordinator via email on March 9, 2026 and asked her to set up an appointment for plaintiff to review a restricted DAI policy and video evidence in response to plaintiff's motion to compel production of this evidence, without stating any limit on plaintiff's access to it.  Dkt. 62, ¶¶ 3–7.  Counsel asserts that he also emailed "minutes after" the telephonic hearing to "convey the Court's instructions regarding allowing the plaintiff to access the DAI policy and videos again, if he so wished."  *Id.*, ¶ 8.  Counsel did not attach copies of any of these emails.

The court has the inherent authority to sanction misconduct.  *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016).  This authority stems from the court's powers to

manage its judicial proceedings and to regulate the conduct of those appearing before it. *Id.* Under this power, the court may impose appropriate sanctions to penalize and discourage misconduct. *Id.*

The court will not exercise its authority to impose sanctions. All parties and all counsel have a duty of candor to the court. *Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1067 (7th Cir. 2000). But the record here shows miscommunication and misunderstanding, not any violation of this duty. The court sees the inferences plaintiff drew from the litigation coordinator's response to his inquiry about her exchange with the Wisconsin Attorney General's office, but she does not specify who directed her to limit plaintiff's access, or when. The litigation coordinator's response is too vague to establish that defense counsel intentionally lied at the hearing about not limiting plaintiff's access, or that he knew whether someone else in the Attorney General's office had given such an instruction.

It is also unclear why plaintiff did not try to obtain permission on his own for a second appointment to view these discovery materials, or how plaintiff was prejudiced by the delay in setting up a second appointment. The litigation coordinator does not state that plaintiff won't be able to view the discovery materials again. Instead, she states that plaintiff needs to reach out and obtain permission for additional viewings. Counsel asserts that plaintiff did not contact him about the issue before the hearing, and plaintiff does not claim otherwise. Regardless, counsel immediately agreed to provide further access at the hearing. Plaintiff does not contradict counsel's assertion that a follow-up appointment was made, or state that he was unable to review materials again. Nor has he been prevented from meeting a court deadline as the result of any delay between appointments.

4

The court is left with the impression that additional good faith efforts between the parties may have avoided this discovery dispute without court intervention, which has now caused a distraction from the merits of the case. On that note, the court reminds the parties that they must try to work out discovery issues like this one amongst themselves before seeking court intervention. *See* Fed. R. Civ. P. 37(a) (establishing the meet and confer requirement). If plaintiff needs more time to review or inspect certain discovery, he must work with the litigation coordinator and defense counsel as necessary. Going forward, if a party files a discovery-related motion that does not contain a statement explaining the movant's good faith effort to meet and confer with the opposing party, the court "will summarily deny [the] motion" without prejudice to its refiling with the required information. Dkt. 27 at 11.

## B. Plaintiff's motion for reconsideration, Dkt. 63

Plaintiff also seeks reconsideration of the court's April 1, 2026 order "only requir[ing] the defendant to permit inspection; rather than require the defendant to provide a copy of" the requested DAI policy and video footage. Dkt. 64 at 2. The court's order indicates that "defendant has produced these materials for inspection per the Federal Rules of Civil Procedure," Dkt. 57 at 1, but plaintiff argues that he is entitled to his own copies under Rule 34. In support, he notes that the advisory committee notes on the 2015 amendment to that rule state that Rule 34(b)(2)(B) "is further amended to reflect the common practice of producing copies of documents and electronically stored information rather than simply permitting inspection."

But amending a rule to reflect a common practice is not the same as requiring it in all cases, and the rule itself allows for inspection as well as producing copies. Indeed, the language of Rule 34(b)(2)(B) instructs that a response to a production request:

> [M]ust either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.  The responding party may state that it will produce copies of documents or electronically stored information instead of permitting inspection.

In other words, the rule allows a responding party to permit inspection *or* produce copies.  *See, e.g.*, *Ward v. Sauvey*, No. 16-CV-290-JDP, 2018 WL 1400955, at *3 (W.D. Wis. Mar. 19, 2018) (Rule 34 does not require the defendants to give the plaintiff paper copies of his medical records, "they merely need to permit [the plaintiff] to inspect the records.").  Plaintiff has given the court no reason to require defendant to give him his own copies of the DAI policy or video footage he requests and is able to inspect by appointment.

## C.  Plaintiff's motion for an evidentiary hearing, Dkt. 79

Finally, plaintiff has filed a motion for an evidentiary hearing to determine whether an internal investigation was ever conducted as a result of the inmate complaint he submitted about the alleged use of excessive force underlying this lawsuit.  He explains that he has received contradictory information from defense counsel and the warden at the Wisconsin Secure Program Facility regarding whether an investigation was conducted.  While defense counsel reported on April 9, 2026, that there were no documents from an internal investigation, Dkt. 80-1, an April 28, 2026 letter from the warden states that an investigation was "initiated," but no further information would be given to plaintiff to protect the privacy and due process rights of staff, Dkt. 80-2.  Plaintiff seeks to confirm whether an internal investigation was carried out and access to any discoverable materials from the investigation.

Defendant provided a substantive response, supported by the sworn declaration of nonparty Captain Dane Esser.  Captain Esser attests that plaintiff's inmate complaint was received, and that he had watched some surveillance video footage of the alleged incident, but

6

defendant stopped working for the Wisconsin Department of Corrections before any formal investigation began.  Dkt. 85.  As a result, no related documents were ever produced, and the court cannot compel the production of documents that do not exist.  A hearing would shed no further light on this now-clarified matter.

Having addressed all of plaintiff's pending motions, the court encourages the parties to focus on preparing for the upcoming summary judgment deadline of June 26, 2026.

ORDER

IT IS ORDERED that:

1.  Plaintiff's motions for sanctions, Dkts. 58 & 65, are DENIED.

2.  Plaintiff's motion for reconsideration, Dkt. 63, is DENIED.

3.  Plaintiff's motion for an evidentiary hearing, Dkt. 79, is DENIED.

Entered June 5, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge